SEALED DOCUMENT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH
FILED
2018 FEB 15 P 5:47
24 HOUR DEPOSITORY

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. 18-mc-12-AJ
AN ORDER AUTHORIZING THE )
INSTALLATION AND USE OF PEN )
REGISTERS AND TRAP AND )
TRACE DEVICES )
_____ ) Filed Under Seal

## APPLICATION

The United States of America, moving by and through Assistant U.S. Attorney John Davis, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone numbers described in Attachment A. In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4.     The law enforcement agency conducting the investigation is the U.S. Postal Inspection Service ("USPIS").

5.     The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the USPIS.

6.     This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7.     Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.     A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9.     In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. The Internet is a global network of computers and other devices. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol, or "IP" address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by pen-trap devices, and it indicates the online identity of the communicating device without revealing the communication's content.

11. A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves. The equipment that connects a computer or other device to the network is commonly referred to as a network adapter. Most network adapters have a Media Access Control ("MAC") address assigned by the manufacturer of the adapter that is designed to be a unique identifying number. An adapter's unique MAC address allows for proper routing of communications on a local area network and may be used for other purposes, such as authentication of customers by some network service providers. Unlike a device's IP address that often changes each time a device connects to the Internet, a MAC address is fixed at the time of manufacture of the adapter. Because the address does not change and is intended to be unique, a MAC address can allow law enforcement to identify whether communications sent or received at different times are associated with the same adapter.

12. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and

3

control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

13. In addition, different Internet applications are associated with different "port numbers," or numeric identifiers. The port number is transmitted along with any communication using that application. For example, port 80 typically is associated with communications involving the World Wide Web.

14. A cellular telephone, or cell phone, is a mobile device that transmits and receives wire and electronic communications. Individuals using cell phones contract with cellular service providers, who maintain antenna towers covering specific geographic areas. In order to transmit or receive calls and data, a cell phone must send a radio signal to an antenna tower that, in turn, is connected to a cellular service provider's network.

15. In addition to a unique telephone number, each cell phone has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cell phone could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI"). When a cell phone connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower, and the cellular antenna or tower records those identifiers as a matter of course. The unique identifiers—as transmitted from a cell phone to a cellular antenna or tower—are like the telephone number of an incoming call. They can be recorded by pen-trap

devices and indicate the identity of the cell phone device making the communication without revealing the communication's content.

16. In addition, a list of incoming and outgoing telephone numbers is generated when a cell phone is used to make or receive calls, or to send or receive text messages (which may include photographs, videos, and other data). These telephone numbers can be recorded by pen-trap devices and then used to identify the parties to a communication without revealing the communication's contents.

17. A cell phone can also be used to exchange text messages with email accounts. The email addresses associated with those text messages can be recorded by pen-trap devices and then used to identify parties to a communication without revealing the communication's contents.

18. Cellular phones can connect to the Internet via the cellular network. When connecting through the cellular network, Internet communications sent and received by the cellular phone each contain the same unique identifier that identifies cellular voice communications, such as an ESN, MEIN, MIN, SIM, IMSI, MSISDN, or IMEI. Internet communications from a cellular phone also contain the IP address associated with that cellular phone at the time of the communication. Each of these unique identifiers can be used to identify parties to a communication without revealing the communication's contents.

## THE RELEVANT FACTS

19. The United States government, including the USPIS, is investigating the possibility that JOHN KELEKCI and EDWARD ESPEJO have committed and are continuing to commit the criminal offenses of Conspiracy to Distribute a Controlled Substance (METHAMPHETAMINES) in violation of Title 21, United States Code, Section 846, Use of a

Communication Facility in the Commission of a Controlled Substance Offense (United States Postal Service) in violation of Title 21, United States Code, Section 843(b), and Money Laundering in violation of Title 18, United States Code, Section 1956(a)(1).

20. The investigation relates to an ongoing conspiracy to transport methamphetamines from Las Vegas, NV to New Hampshire via the United States Postal Service (USPS). Investigators have identified numerous Priority Mail Express parcels originating in Las Vegas, NV shipped to New Hampshire. In one such instance, on December 20, 2017, a Priority Mail Express parcel was delivered to a business located in Allenstown, NH. After delivery by the U.S. Postal Service, an employee of the business turned in the parcel to local police. Located inside the parcel, local police found approximately 5 ounces of a substance that tested positive for methamphetamines. Law enforcement initiated an investigation related to the parcel and identified John Kelekci as a possible intended recipient. The owner of the business in Allenstown, NH where the parcel was delivered is John Kelekci's father. Through interviews and investigation, Kelekci's phone number of 603-848-6999, **Subject Phone 1,** was identified. Through further investigation, the phone number of 702-762-3632, **Subject Phone 2,** was identified as Edward Espejo's phone number. Investigators believe that matters relevant to the offenses under investigation have been and continue to be discussed using AT&T Wireless cell phone number (702) 762-3632 and US Cellular cell phone number (603) 848-6999. AT&T Wireless is an electronic communication service provider doing business in North Palm Beach, FL. US Cellular is an electronic communication service provider doing business in Chicago, IL. Investigators believe that the user associated with (603) 848-6999 and the mobile device is JOHN KELEKCI, a target of the investigation. Investigators also believe that the user associated with (702) 762-3632 and the mobile device is EDWARD ESPEJO, also a target of the

investigation.

21. The conduct being investigated involves use of the cell phone numbers described in Attachment A. To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that cell phone number and mobile device.

22. The pen-trap devices sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone numbers described in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses associated with the cell phone device or devices used to send or receive electronic communications
- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with cell phone numbers described in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses

## GOVERNMENT REQUESTS

23. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the cell phone numbers described in Attachment A, to include the

7

date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

24. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

25. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order US Cellular and AT&T Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the USPIS, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

26. The United States further requests that the Court order US Cellular and AT&T Wireless and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the USPIS of any changes relating to the cell phone number or mobile device described in Attachment A, and to provide prior notice to the applicant and the USPIS before terminating or changing service to the cell phone number or mobile device.

27. The United States further requests that the Court order that the USPIS and the applicant have access to the information collected by the pen-trap devices as soon as practicable,

twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

28. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order US Cellular and AT&T Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, unless and until authorized by this Court, except that US Cellular and AT&T Wireless may disclose this Order to an attorney for US Cellular or AT&T Wireless for the purpose of receiving legal advice.

29. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with four certified copies of this application and Order, and provide copies of this Order to the USPIS, US Cellular, and AT&T Wireless upon request.

30. The foregoing is based on information provided to me in my official capacity by agents of the USPIS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2018.

John Davis
Assistant U.S. Attorney
Bar No. 592
District of New Hampshire
53 Pleasant Street, 4th Floor
Concord, N.H. 03301

SEALED DOCUMENT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE )<br>UNITED STATES OF AMERICA FOR )<br>AN ORDER AUTHORIZING THE )<br>INSTALLATION AND USE OF PEN )<br>REGISTERS AND TRAP AND )<br>TRACE DEVICES )<br>_____) | MISC. NO. 18-mc-12-AJ<br><br>Filed Under Seal |

### ORDER

John Davis, Assistant U.S. Attorney, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the cell phone numbers described in Attachment A, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the United States Postal Inspection Service ("USPIS") of John Kelecki, Edward Espejo, and unknown individuals in connection with possible criminal violations, including Conspiracy to Distribute a Controlled Substance (METHAMPHETAMINES) in violation of Title 21, United States Code, Section 846, Use of a Communication Facility in the Commission of a Controlled Substance Offense (United States Postal Service) in violation of Title 21, United States Code, Section 843(b), and Money Laundering in violation of Title 18, United States Code, Section 1956(a)(1).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the USPIS may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing,

and signaling information associated with each communication to or from the cell phone numbers described in Attachment A., including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses associated with the cell phone device or devices used to send or receive electronic communications
- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with cell phone number described in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that T-Mobile and Verizon and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the USPIS reasonably compensate US Cellular and AT&T Wireless and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that US Cellular and AT&T Wireless and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the USPIS of any changes relating to the cell phone numbers described in Attachment A, including changes to subscriber information, and to provide prior notice to the USPIS before terminating or changing service to the cell phone number or mobile device;

IT IS FURTHER ORDERED that the USPIS and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the USPIS, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that US Cellular and AT&T Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that US Cellular and AT&T Wireless may disclose this Order to an attorney for US Cellular or AT&T Wireless for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with four certified copies of this application and Order, and shall provide copies of this Order to the USPIS, US Cellular, and AT&T Wireless upon request.

_____                               _____
Date                                                                          Andrea K. Johnstone
                                                                                     United States Magistrate Judge

4

## ATTACHMENT A

US Cellular

| Facility | Number or identifier | Owner, if known | Subject of investigation, if known |
|---|---|---|---|
| Cell phone number | (603) 848-6999 | Bulent Kelekci (father of John) | John Kelekci, Edward Espejo, and Unknown individuals |
| | | | |

AT&T Wireless

| Facility | Number or identifier | Owner, if known | Subject of investigation, if known |
|---|---|---|---|
| cell phone number | (702) 762-3632 | Edward Espejo | John Kelekci, Edward Espejo, and Unknown individuals |
| | | | |